UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2705(b) NONDISCLOSURE ORDER FOR GRAND JURY SUBPOENAS FOR INVESTIGATION BEARING USAO #2022R01048 | SC No. **22-SC-2204** <br><br> **Filed Under Seal** |

*Reference: USAO Ref. # 2021R00162 / 2022R01048*

### FIRST OMNIBUS APPLICATION FOR ADDITIONAL NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b) FOR MULTIPLE PRIOR NONDISCLOSURE ORDERS AND TO SEAL FILINGS

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order under 18 U.S.C. § 2705(b) directed at provider:

- **Google, LLC, 1600 Amphitheatre Parkway, Mountain View, CA 94043**

("PROVIDER"), of whom is an electronic communication and/or remote computing service provider. The proposed Order would direct PROVIDER not to disclose the existence of legal process previously issued under the case number 2021R00162 pursuant to 18 U.S.C. §§ 2703 and 2705(b), in connection with an ongoing investigation bearing the USAO Number 2021R00162 and 2022R01048, collectively, the "Legal Requests") for a further period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. The United States further applies to the Court for an Order placing this further application and all related filings under seal.

### JURISDICTION

1. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A), and (d). Specifically, the Court is a "district court of the United States . . . that – has

jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.  Further, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

## FACTUAL BACKGROUND

2.  This matter involves an ongoing confidential investigation being conducted by the United States.  Specifically, the Department of Justice and the Federal Bureau of Investigation are investigating the various offenses committed at the U.S. Capitol on January 6, 2021, including violations of 18 U.S.C. § 1752 (entry into restricted building or grounds), 40 U.S.C. § 5104 (injuries to property, possession of weapons, and violent entry/disorderly conduct on Capitol grounds), 18 U.S.C. § 1361 (destruction of government property), 18 U.S.C. § 111 (assault on federal officer), 18 U.S.C. § 372 (conspiracy to impede or injure officer), 18 U.S.C. § 231 (civil disorders), 18 U.S.C. § 2101 (interstate travel for riot), 18 U.S.C. § 1505 and 1512 (obstruction), and 18 U.S.C. § 371 (conspiracy), all as more fully described in the original application (filed on or about January 10, 2021) and renewal applications (filed on or about February 24 and May 26, 2021) related to an omnibus non-disclosure order in D.D.C. Case No. 21-sc-99, which applications and orders are incorporated here by reference.

3.  The grand jury subpoena(s) and related non-disclosure order(s) that are referenced in the proposed order hereto and are the subject of this application for a further period of non-disclosure all concern accounts of subjects of that investigation.  The relevant subpoenas at issue were served utilizing the omnibus non-disclosure order issued in Case No. D.D.C. Case No. 21-sc-99, the period of which non-disclosure is to expire on **August 31, 2022**.

4.      That is, in the ongoing effort to determine the nature and scope of this criminal activity and identify the subject(s) responsible, the United States has, *inter alia*, served subpoenas under 18 U.S.C. § 2703 upon various electronic communication and/or remote computing service providers, including the Legal Requests to PROVIDER.  If informed about such confidential legal requests, the subject(s) responsible for the criminal activity may become aware of this investigation and be likely to flee from prosecution, destroy or tamper with evidence (such as by deleting or encrypting digital evidence), intimidate potential witnesses, and otherwise seriously jeopardize this investigation   For this reason, prior to serving PROVIDER, the United States obtained a corresponding nondisclosure order under 18 U.S.C. § 2705(b) for the Legal Requests that expires on **August 31, 2022**.

## LEGAL BACKGROUND

5.      Each above-referenced PROVIDER provides an "electronic communications service," as defined in 18 U.S.C. § 2510(15), and/or "remote computing service," as defined in 18 U.S.C. § 2711(2).  The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713, governs how PROVIDER may be compelled to supply communications and other records using a subpoena, court order, or search warrant.  Specifically, Section 2703(c)(2) authorizes the United States to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the United States to obtain other "non-content" information using a court order, and Section 2703(a)-(b)(1)(A) allows the United States to obtain contents of communications using a search warrant.  *See* 18 U.S.C. § 2703.

6.      The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703.  However, many have voluntarily adopted policies of notifying subscribers about such legal requests.  Accordingly, when necessary,

Section 2705(b) of the SCA enables the United States to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:[1]

> (b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1) endangering the life or physical safety of an individual;
> (2) flight from prosecution;
> (3) destruction of or tampering with evidence;
> (4) intimidation of potential witnesses; or
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b). The United States District Court for the District of Columbia has made clear that a nondisclosure order under Section 2705(b) must be issued once the United States makes the requisite showing about potential consequences of notification:

> The explicit terms of section 2705(b) make clear that if a courts [*sic*] finds that there is reason to believe that notifying the customer or subscriber of the court order or subpoena may lead to one of the deleterious outcomes listed under § 2705(b), the court must enter an order commanding a service provider to delay notice to a customer for a period of time that the court determines is appropriate. Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.

*In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

---

[1] Section 2705(b) contains additional requirements for legal process obtained pursuant to 18 U.S.C. § 2703(b)(1)(B), but the United States does not seek to use the proposed Order for any legal process under that provision.

7. Accordingly, this application sets forth facts showing reasonable grounds to command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Legal Requests for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## REQUEST FOR NONDISCLOSURE

8. The Legal Requests relating to this investigation sought information that is relevant to establishing the illegal activity under investigation and to identifying the individual(s) responsible. Accordingly, disclosing them may reveal the existence, scope, and direction of this investigation. The agent continues to obtain legal process for evidence located on social media and other venues as part of this investigation. Once alerted to this investigation, the potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

9. Given the complex nature of the criminal activity under investigation, that is, the largest related criminal investigation in U.S. history, the United States anticipates that this confidential investigation may continue for the next year or longer. This investigation continues into the pre-event planning and activity of the three targets who participated together in the events of January 6, 2021

10.     Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Legal Requests directed to PROVIDER concerning this investigation would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5). Accordingly, this Court should command PROVIDER not to notify any other person except attorneys for PROVIDERS for the purpose of receiving legal advice of the existence of the Legal Requests for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

## REQUEST FOR SEALING

11.     Pursuant to Federal Rule of Criminal Procedure 6(e)(6), the United States requests that this Application and the corresponding Order be sealed by the Court until such time as the Court directs otherwise. These documents relate to an ongoing federal Grand Jury investigation that is neither public nor known to the target(s) of the investigation. The Court also has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commnications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

12.     ACCORDINGLY, it is respectfully requested that the Court grant the attached Order directing that PROVIDER shall not notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Legal Requests for 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court, and further directing that the application and this Order are sealed until otherwise ordered by the Court.

      Respectfully submitted,

      MATTHEW M. GRAVES
      UNITED STATES ATTORNEY
      D.C. Bar Number 481052

By:     */s/ Joseph H. Huynh*
      JOSEPH H. HUYNH
      D.C. Bar No. 495403
      Assistant United States Attorney (Detailed)
      601 D Street NW
      Washington, DC 20530
      Phone: (541) 465-6771
      Email: Joseph.Huynh@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA FOR 2705(b) NONDISCLOSURE ORDER FOR GRAND JURY SUBPOENAS FOR INVESTIGATION BEARING USAO #2022R01048

SC No. 22-SC-___
Filed Under Seal

## ORDER

This matter has come before the Court pursuant to an application under 18 U.S.C. § 2705(b) requesting the extension of an order directing each of the following provider ("PROVIDER"), of which is an electronic communication and/or remote computing service provider, not to notify any other person of the existence of legal process previously issued under the following case numbers pursuant to 18 U.S.C. §§ 2703 and 2705(b), in connection with an ongoing investigation bearing the USAO Number 2021R00162, collectively, the "Legal Requests"), specifically:

| GJ Subpoena# | Provider | Provider Location | Date Signed | Subject Account Identifier |
|---|---|---|---|---|
| GJ2022050690435 | Google LLC | Mountainview, CA | 02/24/2022 | Google account using 562-746-9981<br>Google account using bscavy1@gmail.com<br>Google UID 101190794648393343841 |

The Court finds reasonable grounds to believe that such disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER and its employees shall not disclose the existence of any of the Legal Requests or any related Order of this Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for an additional period of 180 days (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Date: _____    _____
UNITED STATES MAGISTRATE JUDGE